```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL - Bar ID# 50246
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 856 HEALTH AND WELFARE TRUST FUND; MICHAEL J. McLAUGHLIN, TRUSTEE,<br><br>Plaintiffs,<br><br>vs.<br><br>LEE RAY TARANTINO COMPANY INC., a corporation,<br><br>Defendants. | No. C 07 5567 JCS<br><br><br><br><br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action alleges that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.  This action is also brought pursuant to the Federal

COMPLAINT                                                                1-

Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiff BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 856 HEALTH AND WELFARE TRUST FUND (hereinafter "TRUST FUND"), named in the caption, are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff MICHAEL J. McLAUGHLIN is a Trustee. Said Trust Fund is authorized to maintain suit as an independent legal entity under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). Said Trust Fund is administered in the City and County of San Francisco, where performance of the obligations set forth herein is due.

3. Plaintiffs are informed and believe and thereupon allege that defendant LEE RAY TARANTINO COMPANY, INC., is found and is doing business in this judicial district.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto defendant was bound by a written collective bargaining agreement with Freight Checkers, Clerical Employees & Helpers Local Union No. 856, International Brotherhood of Teamsters, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the TRUST FUND on behalf of defendant's employees on a regular basis on all hours worked, and that defendant

shall be bound to and abide by all the provisions of the respective Agreement and Declarations of Trust of said TRUST FUND (hereinafter the "Trust Agreement").

6. The Trust Fund relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that they are liable to pay each month, and have a fiduciary obligation to accurately report the amount to the Trust Fund.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Pursuant to the terms of the collective bargaining agreement there is now due, owing and unpaid from defendant to the TRUST FUND contributions for hours worked by covered employees found due by a payroll audit for the period January 2002 through December 2002 in the amount of $ 1,063.80, and liquidated damages which are specifically provided for by said agreements in the amount of $212.76. The total amount of contributions and liquidated damages is $1,276.56; additional monthly amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case.  Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued.

9. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid from defendant

1  the amounts set forth in Paragraph 8 above.

2      10.  An actual controversy exists between plaintiffs and
3  defendant in that plaintiffs contend that plaintiffs are entitled to
4  a timely monthly payment of trust fund contributions now and in the
5  future pursuant to the collective bargaining agreement and the Trust
6  Agreement, and defendant refuses to make such payments in a timely
7  manner.

8      11.  The Trust Agreement provides that, in the event suit
9  is instituted to enforce payments due thereunder, the defendant shall
10 pay court costs and reasonable attorneys' fee.  It has been necessary
11 for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
12 as attorneys to prosecute the within action, and reasonable attorneys'
13 fee should be allowed by the Court on account of the employment by
14 plaintiffs of said attorneys.

15     WHEREFORE, plaintiffs pray:

16     1.  That the Court render a judgment on behalf of plaintiffs
17 for all contributions due and owing to the date of judgment based upon
18 unaudited reporting forms, plus liquidated damages provided for by the
19 contract, interest at the legal rate, reasonable attorneys' fees
20 incurred in prosecuting this action and costs.

21     2.  That the Court enjoin the defendant from violating the
22 terms of the collective bargaining agreements and the Trust Agreement
23 for the full period for which defendant is contractually bound to file
24 reports and pay contributions to the TRUST FUND.

25     3.  That the Court retain jurisdiction of this cause
26 pending compliance with its orders.

27     4.  For such other and further relief as the Court deems
28 just and proper.

Dated:   October 30, 2007

                                    ERSKINE & TULLEY
                                    A PROFESSIONAL CORPORATION

                                 By: <u>/s/Michael J. Carroll</u>
                                       Michael J. Carroll
                                       Attorneys for Plaintiffs

<u>COMPLAINT</u>                                                                   5-