# Teamsters Local Union No. 856

## Health & Welfare Trust Agreement

## Amended, 1978

73    (2K 4/83)

PERTINENT PROTIONS

PLEASE SEE PAGES 10-11, Section.
for liquidated dmages and inter
provision.

PLEASE SEE PAGES 10-11, Section
for attorney fees and court cos
provision.

### Teamsters Local Union No. 856
### Health & Welfare Trust Agreement

This Agreement made and entered into this fifth day off December, 1975, amends and restates the provisions of this Trust Agreement made effective on December 1, 1964.

Whereas, a Trust was created effective December 1, 1964, bearing the name Joint Council 7 Clerical Employees Teamsters and Helpers Health and Welfare Trust which provided coverage to the individuals represented by Teamsters Local Union No. 856; and

Whereas, that Trust received a determination letter dated July 20, 1966, from the U. S. Treasury Department, Internal Revenue Service, Washington, D. C., 20224, concluding that the Trust was exempt under Section 501 (c)(9); and

Whereas, the name of the Trust has been changed to Teamsters Local Union No. 856 Health and Welfare Fund to reflect more accurately the affiliation of the participants under such Trust; and

Whereas, it is the purpose of this Agreement to provide for the continued existence and administration of the Trust Fund;

Now, Therefore, in consideration of the foregoing and the mutual promises hereinafter provided, the parties agree as follows:

## ARTICLE I. Establishment and Purpose of the Trust

Section 1. Teamsters Local Union No. 856 and various employers have entered into collective bargaining agreements under which individual employers are obligated to make payments into this Trust Fund in order to provide for the benefits of employees and retired employees, their families and dependents for medical and hospital care, dental care, vision care, drugs and other health and welfare benefits permitted under Section 302 of the Labor Management Relations Act, 1947, as amended.

Section 2. It is the purpose of this agreement to provide for the establishment and administration of the Trust Fund.

1

**Section 3.** This Trust is therefore established to receive employer payments and to provide employees with health and welfare benefits consistent with applicable laws.

## ARTICLE II. **Name of the Trust.**

**Section 1.** This Trust shall be known as the Teamsters Local Union No. 856 Health and Welfare Fund.

## ARTICLE III. **Definitions.**

**Section 1.** Unless otherwise required by the context, the following definitions shall apply to the following terms when used in this Trust Agreement.

(a) The term "individual employer" or "employer" means any employer which is a party to a collective bargaining agreement under which payments are made or to be made to this Trust Fund, or any entity which has executed a Subscriber Agreement in a form approved by the Board of Trustees. The term shall also include Teamsters Local Union No. 856 and any labor council or other labor organization with which it is affiliated which make contributions to the Trust pursuant to a Subscriber Agreement; provided the inclusion of such organization is not a violation of any existing law or regulation; and provided such organization shall be an individual employer solely for the purposes of making contributions with respect to the work of its respective employees and shall have no other rights or privileges under this Trust as an individual employer.

(b) The term "Union" means Teamsters Local No. 856, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

(c) The term "collective bargaining agreement" means the contract between Teamsters Local Union No. 856 and an individual employer, together with any amendment, extension or renewal or such contract, under which the employer is required to make payments to this Trust Fund in order to provide health and welfare benefits for employees.

(d) The term "employee" means:

    (1) a person employed under the terms of a collective bargaining agreement between the Union and an employer;

    (2) a dependent of an employee as defined in (1) above as the term "dependent" is defined in rules and regulations adopted by the Board of Trustees from time to time;

    (3) an employee of the Trust;

    (4) a Trustee;

    (5) a retiree, provided the retiree was a covered employee under this Trust immediately prior to the date of his retirement and provided he meets the eligibility rules and regulations adopted by the Board of Trustees from time to time;

    (6) corporate officers, management personnel, partners, individual proprietors, and employees not covered by any collective bargaining agreement with the Union but who are corporate officers, management personnel, partners, individual proprietors, or employees of an Employer party to a collective bargaining agreement with the Union and for whom appropriate contributions are made pursuant to rules and regulations adopted by the Board of Trustees from time to time.

    (7) public employees for whom appropriate contributions are made pursuant to rules and regulations adopted by the Board of Trustees from time to time.

    (8) a person who loses eligibility under the Plan but who chooses to make voluntary contributions for himself and for his dependents pursuant to rules and regulations adopted by the Board of Trustees from time to time.

    (9) self-employed members of the Union who make appropriate contributions pursuant to rules and regulations adopted by the Board of Trustees from time to time.

(e) The term "benefits" or "health and welfare benefits" means benefit payments as may be provided under any plan developed and established by the Trustees pursuant to this Trust Agreement.

(f) The term "Trustees" means the Trustees of this Trust and their successors.

(g) The term "ERISA" means the Employee Retirement Income Security Act of 1974 and any valid regulation issued pursuant thereto.

## ARTICLE IV. Payments to the Fund.

**Section 1.** Each employer shall make payments on behalf of his employees as provided by the collective bargaining agreement to the administrative office of the Trust Fund, or as required by the rules and regulations of the Board of Trustees, as the case may be.

**Section 2.** The administrative office of the Trust Fund for the collection and receipt of contributions and for the payment of claims shall be the Teamsters Security Fund, 25 Taylor Street, San Francisco, California, unless and until another administrative office is designated by the Trustees from time to time.

## ARTICLE V. Eligibility.

**Section 1.** An employee, as defined herein, shall be eligible for the benefits provided by this Trust on the first of the month following completion of 80 hours of employment for an employer who is a party to this Trust Agreement, or as otherwise determined by rules and regulations adopted by the Board of Trustees from time to time.

## ARTICLE VI. Trustees.

**Section 1.** The administration of the Trust Fund shall be vested in a Board of Trustees which shall consist of equal numbers of representatives from the employers signatory

4

to this Trust and the Union. The Trustees shall serve without compensation but shall be reimbursed for all reasonable, actual expenses incurred but not otherwise reimbursed and shall be selected, replaced, and removed as follows:

(a) There shall be six (6) Trustees for this Trust. The Union shall appoint three (3) Trustees and the Employers shall appoint three (3) Trustees.

(b) A vacancy by death, resignation or otherwise among the Union Trustees shall be filled through appointment by the Unions. A vacancy by death, resignation or otherwise among the Employer Trustees shall be filled through appointment by the Employers.

(c) A Union Trustee may be removed by unanimous vote of the other Union Trustees. An Employer Trustee may be removed by unanimous vote of the other Employer Trustees. Five days' written notice to the Board of Trustees and designation of a successor Trustee are required in order for a Trustee to be removed.

(d) Any Trustee may resign by giving five days' written notice to the Board of Trustees, and upon the designation of a successor Trustee.

(e) In the event of death, resignation, refusal or inability to act on the part of any one or more of the Trustees, the remaining Trustees shall have all the powers, rights and interests of this Trust and shall be charged with its duties, provided that at least one Employer Trustee and one Union Trustee shall be required to act in any case.

(f) Any successor Trustee appointed hereunder shall, upon appointment, and without any further act, succeed to all duties, rights, titles and powers, whether discretionary or otherwise of his predecessor.

The collective bargaining parties expressly designate each of the Trustees as named fiduciaries who shall have exclusive authority and discretion to control and manage the assets, operation and administration of the Trust and the Plan, except as may otherwise be provided herein.

5

Each of the current Trustees expressly accepts designation as a fiduciary and as Trustee by written acceptance and signature of this Agreement and assumes the duties, responsibilities and obligations of the Trustees as created and established by this Agreement and under applicable law. Any Trustee named hereafter shall do likewise by signing the Agreement or upon written acceptance filed with the other Trustees.

**The current Employer Trustees are:**

Melvin Bacigalupi
N. B. Vending Company
990 Columbus Avenue
San Francisco, California 94133

Andrew F. Castle
San Mateo County Restaurant-Hotel Owners Association
3914 South El Camino Real
San Mateo, California 94403

**The current Union Trustees are:**

Ben Leal
Union Local 856
459 Fulton Street, Suite 304
San Francisco, California 94102

John McLaughlin
Teamsters Union Local 856
459 Fulton Street, Suite 304
San Francisco, California 94102

Section 2. The Trustees shall specify an office for the purpose of keeping Trust records and for receiving all communications and notices to the Trustees.

Section 3. To constitute a quorum for the transaction of business not less than one Employer Trustee and one Union Trustee shall be present in person. The Board shall not take any action or make any decision on any matter coming before it or presented to it for consideration or exercise any power or right given or reserved to it or conferred upon it by this Trust Agreement except upon the vote of a majority of all Trustees at a meeting of the Board duly and regularly called or except by the signed written concurrence of all Trustees without a meeting. In the event of the absence of an Employer Trustee from a meeting of the

Board, the Employer Trustee(s) present at such meeting may vote on behalf of such absent Trustee and in the absence of a Union Trustee, the Union Trustee(s) present at the meeting may vote on behalf of such absent Trustee in the same manner.

Section 4. Should the Trustees reach a deadlock on any matter subject to their determination, they shall select a neutral person to act as an impartial umpire to decide the controversy. If the Trustees fail to agree upon an impartial arbitrator within ten days, any one or more of Said Trustees may petition the United States District Court for the district where the Trust Fund has its principal office for appointment of such impartial umpire.

Section 5. The Trustees shall elect from their membership a Chairman and a Secretary, provided that one of such office holders shall be a Union Trustee and one shall be an Employer Trustee.

Section 6. Whenever the signature of the Trustees is required on any certificate or instrument, the signature of the Chairman of the Board of Trustees and the signature of the Secretary of the Board of Trustees shall be sufficient and shall evidence the action of the entire Board of Trustees. As to any person dealing with the Trustees, any such certificate or other instrument so signed shall be deemed authentic, all facts and matters stated therein shall be deemed true, and such persons may rely upon such certificate or other instrument for all purposes.

## ARTICLE VII. Powers of the Board of Trustees.

Section 1. The Board of Trustees shall have the power to control and manage the assets, operation and administration of the Trust and the Plan as fiduciaries, which power and duty is expressly accepted by each of the Trustees and shall exercise such authority with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent board acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; provided, however, that the Board may (i) appoint an investment manager or managers (as defined in ERISA) to manage (including the power to acquire and dispose of) any assets of the Fund, (ii) enter into an agreement allocating

among Trustees such specific responsibilities, obligations, or duties as the Board shall determine by vote, after receiving and considering the written reports and recommendations of the qualified public accountant and, if they have been appointed, the consultant-actuary and investment counselor or investment manager, may be properly so allocated, (iii) designate pursuant to the same procedure persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under this Trust Agreement or the Plan, (iv) employ one or more persons to render advice with regard to any responsibility the Board has under this Trust Agreement or Plan, or (v) do any one or more of the foregoing. Any person or entity so appointed, designated or employed shall act solely in the interests of the participants and beneficiaries of the Fund and the Plan.

Without limiting the general powers of the Board of Trustees, it shall have the following authority:

(a) To make deposits in the name of the Trustees for the Trust Fund in such bank or banks doing business in the State of California as the Trustees may select. Withdrawals from the Trust Fund may be made only on the signature of two Trustees, provided that one such signature shall be by a Union Trustee and the other such signature shall be by an Employer Trustee.

(b) To procure a policy or policies of group insurance for the provision of health and welfare benefits for employees as authorized and permitted by the Insurance Code of the State of California and/or to establish a plan for direct payment of health and welfare benefits from the Trust Fund to the employees, and to do any and all acts and things necessary or advisable to effectuate any such plan for the benefit of employees.

(c) To provide for the administration of the Trust Fund and for that purpose to provide all facilities, rules and regulations, audits, personnel and service deemed necessary and available for such purpose.

(d) To pay or cause to be paid from the Trust Fund any and all expenses necessarily incurred in connection with the establishment or administration of the Fund and refund of employer contributions as permitted by applicable law.

(e) To maintain any and all actions or legal proceedings necessary for the protection of the Trust Fund and for the procurement of the benefits contemplated hereby.

(f) To determine all questions of interpretation and construction of this Agreement and of the provisions herein relating to eligibility of employees to receive the benefits of the Trust Fund; such determination shall be final and binding.

(g) To establish and maintain a funding policy for the plan and benefits provided for thereunder; and to designate and appoint an independent qualified public accountant who shall assist the Board of Trustees in establishing and reviewing at least annually the funding policy consistent with the plan objectives and the applicable provisions of law and the basis upon which payments are made and to be made pursuant to the Plan and the applicable law. The accounting personnel employed pursuant to this paragraph shall include an independent qualified public accountant, engaged on behalf of the plan participants as required by ERISA.

(h) If no investment manager is designated and appointed by the Board, to invest and reinvest or cause to be invested and reinvested the assets of the Fund in accordance with all applicable laws. Investments may be made with a bank or other fiduciary to the fullest extent permitted by law.

No indicia of ownership shall be maintained outside the jurisdiction of the district courts of the United States, except to the extent permitted by law.

(i) To prepare or cause to be prepared such reports, descriptions, summaries and other information as are or may be required by law or as the Board in its discretion deems necessary or advisable and to file and furnish such reports, descriptions, summaries and information to participants and their beneficiaries, the Union, employers, the Trustees, or other persons or entities, including government agencies, as required by law.

8

9

Section 2. The Board of Trustees shall maintain suitable and adequate records of and for the administration of the Trust Fund. The Board may require any employer and any employee to submit to it any information, data, report or documents reasonably relevant to and suitable for the purposes of such administration. The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, report or documents. Upon request in writing from the Board, any employer will permit a certified public accountant selected by the Board to enter upon the premises of such employer during business hours, at a reasonable time or times, and to examine and copy such books, records, papers or reports of such employer as may be necessary to determine whether the employer is making full and prompt payment of all sums required to be paid by him or it to the Trust Fund.

## ARTICLE VIII. Bonding and Insurance.

Section 1. The Board of Trustees shall provide at the expense of the Fund, where permissible by applicable law, insurance and bonding protection for the Fund and for each of the Trustees and all other persons who handle funds or other property of the Fund for any purpose whatsoever. The protection shall be from such companies as the Board shall determine.

## ARTICLE IX. Delinquent Employer Payments.

Section 1. All contributions to the Plan or the Fund shall be due and payable at San Francisco, California on the tenth day of the month following the month during which the obligation was incurred. The acceptance and cashing of any checks for such contributions, and the disposition of the moneys covered thereby in accordance with this Trust Agreement, shall not release or discharge the individual employer from his or its obligation under the collective bargaining agreement for hours compensated under said agreement for which no contribution has actually been received or under rules and regulations adopted by the Board of Trustees, notwithstanding any statement, restriction or qualification appearing on the check or any attachment thereto.

Section 2. If the payment due is not received by the 20th day of such month, the employer shall be considered delinquent and shall be notified by certified mail, return receipt requested. If payment is not received by the Trust Fund within fifteen days after the date of said notice by certified mail, the Union shall be free to take such legal or economic action against said delinquent employer as it deems necessary, including suspension of work, without regard to any dispute settlement procedure or other limitation contained in the collective bargaining agreement. If the Board consults legal counsel with respect to any such delinquency or files any suit or claim with respect thereto, there shall be added to the obligation of the employer who is in default reasonable attorney fees, court costs and all other reasonable expenses incurred in connection with any such suit or claim, including any and all appellate proceedings therein.

The Board of Trustees shall have the power in the name of the Fund or otherwise, as in its discretion may be deemed necessary or desirable, to demand and enforce, by suit in court or otherwise, the prompt payment of contributions to the Fund, including payments due to delinquencies as provided in Section 3 of this Article, without being limited or restricted by any grievance or arbitration procedures provided in a collective bargaining agreement.

Section 3. The parties recognize and acknowledge that the regular and prompt payment of employer contributions to the Fund is essential to the maintenance and effectiveness of this Trust Fund, and that it would be extremely difficult and impracticable to fix the actual expense and damage to the Trust Fund which would result from the failure of an individual employer to make the required payment in full within the time above provided. Therefore, the amount of damage to the Trust Fund resulting from any such failure is agreed to be the sum of 20% of the amount of the payments due, which amounts shall become due and payable to the Trust Fund as liquidated damages and not as a penalty, in San Francisco, California, upon the day immediately following the date of which the payments become delinquent and shall be in addition to said delinquent payments. The Board of Trustees for good cause may waive the payment of any liquidated damages.

## ARTICLE X. Liability of Trustees.

**Section 1.** The provisions of this Article are subject to and qualified by the provisions of ERISA to the extent that such provisions are constitutionally applicable. In order to induce experienced, competent and qualified persons and entities to serve as fiduciaries, to deal with the Fund and the Board of Trustees and to participate in other ways in the administration and operation of the Fund and the Plan and thus to further the interests of the participants and beneficiaries of the Plan, it is the intent and purpose of the parties to provide herein for the maximum permissible protection and indemnification of such persons or entities from and against personal liability, loss, cost or expense as a result of such service, dealing or participation, and the provisions of this Article shall be liberally construed and applied to accomplish this objective.

**Section 2.**

(a) Except as otherwise provided in subsection (b) of this Section, upon request of a Trustee or former Trustee, the Board of Trustees shall provide for the defense of any civil action or proceeding brought against him, in his capacity as such Trustee or former Trustee or in his individual capacity or in both, on account of any act or omission in the scope of his service or duties as a Trustee of the Fund. For the purposes of this Section, a cross-action, counterclaim, cross-complaint, or administrative or arbitration proceeding against a Trustee or former Trustee shall be deemed to be a civil action or proceeding brought against him.

(b) The Board of Trustees may refuse to provide for the defense of a civil action or proceeding brought against a Trustee or former Trustee if the Board determines that:

(1) The act or omission was not within the scope of his service or duties as a Trustee of the Fund; or

(2) He acted or failed to act because of willful misconduct or gross negligence; or

(3) The defense of the action or proceeding by the Board would create a conflict of interest between the Board or Fund and the Trustee or former Trustee.

(c) The Board of Trustees may provide for the defense of a criminal action brought against a Trustee or former Trustee if:

(1) The criminal action or proceeding is brought on account of an act or omission in the scope of his service or duties as a Trustee or former Trustee; and

(2) The Board determines that such defense would be in the best interests of the Fund and its participants and beneficiaries and that the Trustee or former Trustee acted, or failed to act, in good faith, without actual malice and in the apparent interests of the Fund and its participants and beneficiaries.

(d) The Board may provide for a defense pursuant to this Section by Fund Counsel or Co-counsel or by employing other Counsel for such purpose or by purchasing insurance which requires that the insurer provide the defense. All of the expenses of providing a defense pursuant to this Section are proper charges against the Fund. The Fund shall have no right to recover such expenses from the Trustee or former Trustee.

(e) If after request the Board fails or refuses to provide a Trustee or former Trustee with a defense against a civil action or proceeding brought against him and the Trustee or former Trustee retains his own counsel to defend the action or proceeding, he shall be entitled to recover from the Fund such reasonable attorneys fees, costs and expenses as are necessarily incurred by him in defending the action or proceeding if the action or proceeding arose out of an act or omission in the scope of his service or duties as a Trustee of the Fund, unless the Board establishes that he acted or failed to act because of willful misconduct or gross negligence.

**Section 3.** Neither the Board of Trustees nor any individual Trustee shall be liable for any error of judgment or for any act or omission in the execution or the administration of this Trust, except in the case of willful misconduct or

12

13

fraud, nor shall they or any of them be liable for any debt or obligation of the Trust or of any signatory to this Agreement.

Section 4. The Trustees shall incur no liability in acting upon any papers, documents, data or information believed by them to be genuine and accurate and to be made, executed or delivered or assembled by the proper parties. The Trust Fund shall exonerate, reimburse and save harmless the Trustees, individually and collectively, against any and all expenses and liabilities arising out of the performance of their duties, (except as to the individual Trustee or Trustees directly involved) for liability arising out of willful misconduct or fraud.

Section 5. The Trustees may consult legal counsel concerning any question which may arise with reference to their duties or powers, or with reference to any other matter pertaining to this Agreement or to the Trust Fund hereby established. The opinion of such legal counsel shall be considered full and complete authorization and protection with respect to any action taken or omitted by the Trustees in good faith in accordance with the opinion of such counsel.

## ARTICLE XI. Third Parties Dealing with Trustees.

Section 1. No person, partnership, corporation or association dealing with the Trustees shall be obliged to see to the application of any funds or property of the Trust Fund, or to see that the terms of the Trust Fund have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustees; and every instrument effected by the Trustees shall be conclusive in favor of any person, partnership, corporation or association relying thereon that:

(a) At the time of delivery of such instrument the Trust Fund was in full force and effect;

(b) Said instrument was effected in accordance with the terms and conditions of this Trust Agreement; and

(c) The Trustees were duly authorized and empowered to execute such instrument.

Section 2. No insurance carrier shall for any purpose be deemed a party to this Trust Agreement or be responsible for the validity or sufficiency thereof.

## ARTICLE XII. Annual Audit.

Section 1. The Board of Trustees shall cause to be made annually an audit of the Trust Fund, which audit shall be made available for inspection by interested persons at the principal office of the Fund.

## ARTICLE XIII. Rights of Parties in the Funds.

Section 1. No employer shall be liable for any payment to the Trust Fund required of another employer, and the Union shall not be liable for any such payment. Neither the Employer nor the Union shall be liable for any benefits as contemplated by this Trust Agreement. Neither the Union nor the Employer, nor any employee, shall have any individual right, title or interest to any of the money of the Trust Fund. No Employer shall have the right to the return of any money paid by it into the Trust Fund, and no employee shall have any right, privilege or option to receive any cash or other consideration from the Trust Fund in lieu of the benefits provided hereunder.

Section 2. No employee, retired employee or other beneficiary or person shall have any right or claim to benefits under the Plan other than as specified in the Plan. Any and every claim to benefits from the Fund and any claim or right asserted under the Plan or against the Fund, regardless of the basis asserted for the claim and regardless of when the act or omission upon which the claim is based occurred, shall be resolved by the Board of Trustees under and pursuant to the Plan and its decision with regard to the claim or right shall be final and binding upon all persons affected by the decision. The Board of Trustees shall establish a procedure for the presentation, consideration and determination of any such claim or right, which procedure shall comply with ERISA. No action may be brought for benefits under the Plan or to enforce any right or claim under the Plan or against the Fund until after the claim for benefits or other claim has been submitted to and determined by the Board in accordance with the procedure

thus established and thereafter the only action which may be brought is one to enforce the decision of the Board or to clarify the rights of the claimant under such decision. Neither any individual employer, employer, the Union nor any of the Trustees shall be liable for the failure or omission for any reason to pay any benefits under the Plan.

## ARTICLE XIV. Additional Parties.

Section 1. In addition to the employers and unions that are presently party to this Agreement, additional employers and unions party to a collective bargaining agreement may become a party to this Trust Agreement and to the Trust Fund established hereby upon execution of the Subscriber Agreement attached hereto and upon approval by the Board of Trustees.

## ARTICLE XV. Amendments.

Section 1. This Trust Agreement may be amended in writing by the Trustees, provided that no amendment shall alter the basic purpose of the Fund to provide health and welfare benefits. A copy of the amendment shall be sent to each Union and to each Employer party to this Trust.

## ARTICLE XVI. Duration.

Section 1. The parties contemplate that new collective bargaining agreements shall be entered into continuing the Trust Fund hereby created, and intend that this Trust Agreement and the Trust Fund herein established shall continue in effect indefinitely. However, in the event that this Trust Fund is terminated any and all money remaining in the Trust Fund after the payment of insurance premiums and other expenses of the Trust Fund, shall be used for the procurement of health and welfare benefits by a plan of insurance.

Section 2. This Trust Fund shall in any event terminate upon the death of the last survivor of such persons who are living at the time of its creation, who were entitled to receive benefits hereunder; provided, that if, without the

benefits of the provision, this Trust Fund does not violate the rule against perpetuities it shall continue in perpetuity unless otherwise terminate.

## ARTICLE XVII. Governing Law.

The interpretation of this Agreement and the administration of the Trust Fund created hereby shall be governed by the laws of the state of California.

## ARTICLE XVIII. ERISA.

Sectin 1. The Trustees have designated the administrator of the administrative office currently located at Teamsters Security Fund, 25 Taylor Street, San Francisco, California, 94102, or its successor, as agent for the service of legal process on the Board of Trustees.

Executed the 5th day of December, 1975.

| EMPLOYER TRUSTEES | UNION TRUSTEES |
| --- | --- |
| Melvin Bacigalupi | Ben Leal |
| Andrew F. Castle | John McLaughlin |

# THE ACCEPTANCE OF OFFICE BY TRUSTEES

The undersigned hereby accept office as Trustees appointed pursuant to this Trust Agreement and agree to act under and be subject to all of the terms and conditions of said Agreement.

| EMPLOYER TRUSTEES | UNION TRUSTEES |
| --- | --- |
| William L. Bacigalupi | Ben Leal |
| Andrew F. Castle | John McLaughlin |
| D. N. Cornford | Mary Bohm |

16

17

## SUBSCRIBER AGREEMENT

NOTES

### I.

The undersigned hereby adopt the Trust Agreement, as amended, dated October 3, 1978, and known as the Teamsters Local Union No. 856 Health and Welfare Fund Trust Agreement, hereinafter referred to as "Trust" and agree to be bound by the terms thereof. The Subscriber and Union hereby grant Powers of Attorney to the Board of Trustees now holding office, or the successors, to administer the Trust as representatives of the Subscriber and Union respectively, with full power and authority to act for the Subscriber and Union respectively, in all matters of administration of the Trust.

### II.

Commencing on the first day of _____, 197__, and payable not later than the 10th day of each month thereafter, the Subscriber shall pay to this Trust the amount specified by collective bargaining agreement or by rules and regulations of the Board of Trustees, as the case may be, for all persons covered by said Agreement for the duration of this Trust.

### III.

The Administrative Office of the Trust for the collection and receipt of payments and for the payment of claims shall be the S. F. Administrators, Inc., One Hallidie Plaza, Suite 350, San Francisco, California 94102, or its successor or replacement.

Dated:_____, 198__

**SUBSCRIBER**

By _____

**UNION**

By _____

18

19

# TEAMSTERS LOCAL UNION NO. 856 HEALTH AND WELFARE FUND

NUMBER ONE HALLIDIE PLAZA, SUITE 350 • SAN FRANCISCO, CALIFORNIA 94102 • (415) 391-5083

## AMENDMENT NO. 2.

### TEAMSTERS LOCAL UNION NO. 856
### HEALTH & WELFARE TRUST AGREEMENT
### AS AMENDED THROUGH 1978

Pursuant to the provisions of Article XV, Section 1, of the Trust Agreement establishing the Teamsters Local Union No. 856 Health & Welfare Trust Fund, as amended through 1978, Article IX, Section 3 is amended to read as follows:

"Section 3.  The parties recognize and acknowledge that the regular and prompt payment of employer contributions to the Fund is essential to the maintenance and effectiveness of this Trust Fund, and that it would be extremely difficult and impractical to fix the actual expense and damage to the Trust Fund which would result from the failure of an individual employer to make the required payment in full within the time above provided.  Therefore, the amount of damage to the Trust Fund resulting from any such failure is agreed to be the sum of 10% of the amount of the payments due, which amounts shall become due and payable to the Trust Fund as liquidated damages and not as a penalty, in San Francisco, California, upon the day immediately following the date of which the payments become delinquent and shall be in addition to said delinquent payments, provided, however, should the underlying delinquent employer payment be due and owing for more than forty days or, if earlier, at a time when suit for collection of the same is filed, then in that event the amount of damage to the Trust Fund resulting from any such failure is agreed to be the sum of 20% of the amount of payments due which amounts shall become due and payable to the Trust Fund as liquidated damages and not as a penalty, in San Francisco, California, upon the 41st day immediately following the date on which the payments become delinquent, or if earlier, on the day of the filing of a suit for collection of the same, and shall be in addition to said delinquent payments.  The Board of Trustees for good cause may waive the payment of any liquidated damages."

This Amendment shall be effective December 5, 1989 and shall apply to any and all amounts then due and owing the Trust Fund.

Date:  December 5, 1989

Ben Leal                                          Douglas N. Cornford

John McLaughlin                                   W. L. Bacigalupi

Brad Tham                                         Roy Scola