REUBEN E. PRICE & CO.
PUBLIC ACCOUNTANCY CORPORATION
FOUNDED 1942
703 MARKET STREET
SAN FRANCISCO, CA 94103
(415) 982-3556
FAX (415) 957-1178

REUBEN E. PRICE, C.P.A. (1904-1986)
RICHARD A. PRICE, C.P.A.

MEMBERS
AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
SECURITIES AND EXCHANGE COMMISSION PRACTICE SECTION OF THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
CALIFORNIA SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS

May 20, 2005

Board of Trustees
Teamsters Union Local No. 856 Health & Welfare Fund
642 Harrison Street
San Francisco, CA 94107

Independent Accountant's Report on Applying Agreed Upon Procedures

RE: Lee Ray Tarantino
P.O. Box 2408
So. San Francisco, CA 94083

Account Number 78842

Dear Trustees:

We have performed the procedures enumerated in the Teamsters Local Union Number 856 Health & Welfare Fund "Field Audit Procedures" dated December 16, 1982. These procedures, which were agreed to by the Teamsters Local Union Number 856 Health and Welfare Fund (the Fund) and the Fund's related employers, were conducted in accordance with the Health & Welfare Trust Agreement (the Agreement), Article VII, Section 2, detailing the Powers of the Board of Trustees. These procedures were performed solely to assist the users in evaluating the above referenced employer, regarding its compliance in making contributions to the Fund for all eligible employees per the Agreement. This agreed-upon procedures engagement was performed in accordance with standards established by the American Institute of Certified Public Accountants. The sufficiency of these procedures is solely the responsibility of the specified user of the report. Consequently, we make no representation regarding the sufficiency of the procedures described in the "Field Audit Procedures" either for the purpose for which this report has been requested, or for any other purpose.

Following are the final results of verification of health and welfare contributions paid to the Trust by the above named employer:

| | | | Discrepancies | |
|---|---|---|---|---|
| Period Verified | Contributions Due | Contributions Paid | Underpayments | Overpayments |
| Jan 02 – Dec 02 | $ 694,616.80 | $ 684,426.00 | $ 11,703.30 | $ 1,512.50 |
| Total Discrepancies for the Period: | | | $ 13,215.80 | |

The total discrepancies of $13,215.80 were discussed with Marvel Alvarez, Payroll Manager for Lee Ray Tarantino. These discrepancies consisted of underpayments of $11,703.30 and of overpayments of $1,512.50.

The underpayments of $11,703.30 resulted from contributions due on behalf of employees who worked the minimum required hours during their respective months of employment and for whom contributions were not remitted to the Trust.

The overpayments of $1,512.50 resulted from contributions paid on behalf of employees who did not meet the required amount of qualifying hours to have contributions remitted on their behalf.

In relation to the overpayments of $1,512.50 discussed in the previous paragraph, it is important to note that the Trust Agreement provides in Article VII, section 1 (d) of the Trust Agreement that the Trustees have the authority: "To pay or cause to be paid from the Trust Fund any and all expenses necessarily incurred in connection with the establishment or administration of the Fund and refund of employer contributions made due to a mistake of fact or law to the extent permitted by applicable law as limited by this Trust Agreement. Refunds of contributions paid pursuant to a mistake of fact or law may be refunded upon request by an employer, and proof, satisfactory to the Trustees, that such mistake was made. However, in no event shall said mistaken contributions made more than two years prior to said request be subject to refund. Any refund determined by the Trustees to be owing pursuant to the foregoing shall be made not more than six months after said determination. Said refund shall not include any investment income related to the mistaken contributions. Said refund shall be reduced by any investment losses related to the mistaken contributions as well as benefits paid and expenses incurred due to the mistaken contributions."

We were not engaged to, and did not perform an examination, the object of which would be the expression of an opinion on management's assertion. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the use of the Board of Trustees of the Fund (including their agent S.F. Administrators) and the above referenced employer and should not be used by those who have not agreed to the procedures.

This report is intended to be disseminated to appropriate parties as required by compliance procedures constructed by the Board of Trustees of the Fund. These agreed-upon procedures are substantially less in scope than an examination, the object of which is the expression of an opinion. Accordingly, we do not express an opinion; instead, we

REUBEN E. PRICE & CO.
PUBLIC ACCOUNTANCY CORPORATION

present the results of our verification of health and welfare contributions to the Board of Trustees of the Fund.

Sincerely,
REUBEN E. PRICE & CO.

Richard A. Price CPA

Richard A. Price, C.P.A.

REUBEN E. PRICE COMPANY
PUBLIC ACCOUNTANCY CORPORATION

Teamsters Union Local No. 856 Health & Welfare Trust
Lee Ray Tarantino - Account # 78842
**Deficiencies According to Payroll Engagement**
January 1, 2002 through December 31, 2002

| SOCIAL SECURITY NUMBER | EMPLOYEE NAME/ POSITION | MONTH HOURS WORKED | NUMBER OF QUALIFYING HOURS | CONTRIBUTION MONTH | CONTRIBUTION DUE | CONTRIBUTION OVERPAID |
|---|---|---|---|---|---|---|
| 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 | Amaya, Rudy | Sep-02 | >80 | Oct-02 | $ 531.90 | $ - |
| 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 | Amaya, Rudy | Oct-02 | >80 | Nov-02 | 677.10 | - |
| 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 | Fernandez, Ramon | Nov-02 | >80 | Dec-02 | 677.10 | - |
| 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 | Ferreira, Benjamin | Aug-02 | >80 | Sep-02 | 531.90 | - |
| 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 | Gonzalez, Melquiad | Oct-02 | >80 | Nov-02 | 677.10 | - |
| 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 | Hernandez, Jesus | Oct-02 | >80 | Nov-02 | 677.10 | - |
| 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 | Hernandez, Jesus | Nov-02 | >80 | Dec-02 | 677.10 | - |
| 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 | Howes II, John | Feb-02 | >80 | Mar-02 | 531.90 | - |
| 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 | Jiminez, Rosario | Jan-02 | 0.0 | Feb-02 | - | (490.30) |
| 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 | Kimball, Jonathan | Mar-02 | >80 | Apr-02 | 531.90 | - |
| 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 | Lazo, Mauricio | Nov-02 | >80 | Dec-02 | 677.10 | - |
| 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 | Magallon, Ignacio | Sep-02 | >80 | Oct-02 | 531.90 | - |
| 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 | Mendoza, Jose | Aug-02 | >80 | Sep-02 | 531.90 | - |
| 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 | Mendoza, Jose | Sep-02 | >80 | Oct-02 | 531.90 | - |
| 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 | Mendoza, Jose | Oct-02 | >80 | Nov-02 | 677.10 | - |
| 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 | Osorno Aguilar, Maximilia | Oct-02 | >80 | Nov-02 | 677.10 | - |

REUBEN E. PRICE COMPANY
PUBLIC ACCOUNTANCY CORPORATION

Teamsters Union Local No. 856 Health & Welfare Trust
Lee Ray Tarantino - Account # 78842
**Deficiencies According to Payroll Engagement**
January 1, 2002 through December 31, 2002

| SOCIAL SECURITY NUMBER | EMPLOYEE NAME/ POSITION | MONTH HOURS WORKED | NUMBER OF QUALIFYING HOURS | CONTRIBUTION MONTH | CONTRIBUTION DUE | CONTRIBUTION OVERPAID |
|---|---|---|---|---|---|---|
| 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 | Palacios, Candido | Oct-02 | >80 | Nov-02 | 677.10 | - |
| 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 | Palacios, Candido | Nov-02 | >80 | Dec-02 | 677.10 | - |
| 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 | Palacios, Ivan | Nov-02 | >80 | Dec-02 | 677.10 | - |
| 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 | Peasley, Lawrence | Dec-01 | 0.0 | Jan-02 | - | (490.30) |
| 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 | Siqueiros, Isaac | May-02 | >80 | Jun-02 | 531.90 | |
| 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 | Siqueiros, Isaac | Jul-02 | 0.0 | Aug-02 | - | (531.90) |
| | TOTAL CONTRIBUTIONS DUE (OVERPAID) | | | | $ 11,703.30 | $ (1,512.50) |
| | TOTAL DISCREPANCIES | | | | $ 13,215.80 | |

* Employee has completed the employment hours requirement of Article V of the Teamsters Local Union No. 856 Trust Agreement. Employer failed to make the proper payment.

REUBEN E. PRICE COMPANY
PUBLIC ACCOUNTANCY CORPORATION

Teamsters Union Local No. 856 Health & Welfare Trust
Lee Ray Tarantino - Account Number 78842
Summary Report for Control Group 90465
May 27, 2005

| EMPLOYER/ ACCOUNT NUMBER | EXAMINATION PERIOD | YEARS EXAMINED | PAID BY EMPLOYER IN PERIOD EXAMINED | UNDERPAYMENT/ (OVERPAYMENT) FOR THE PERIOD | SERVICES PROVIDED BY: | ONGOING RATE | TOTAL HOURS | TOTAL AMOUNT | ADDITIONAL COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| Lee Ray Tarantino | Jan 02 - Dec 04 | Jan 02 - Dec 02 | $ 684,426.00 | $ 11,703.30 | AUDITOR | $ 60.00 | 73.0 | $ 4,380.00 | Employer failed to |
| Account Number 78842 | | | | (1,512.50) | SUPERVISION | 65.00 | 11.0 | 715.00 | make proper |
| | | | | | CLERICAL | 47.00 | 14.0 | 658.00 | contributions |
| TOTALS | | | $ 684,426.00 | | | | | $ 5,753.00 | |
| TOTAL DISCREPANCIES | | | | $ 13,215.80 | | | | | |




June 29, 2005

Teamster Local Union 856
Health and Welfare Fund
642 Harrison St.
San Francisco, CA 94107

Attention: Martha Pacheco

Dear Mrs. Pacheco

Enclosed please find a check in the amount of $10,639.50 for the recently completed audit conducted at Lee Ray Tarantino (Account # 78842). The balance of $1,063.80 is being disputed for in sufficient hours. The hours being disputed are for John Howes II and Benjamin Ferreira. Both worked less than the required 80 hours for their months

Should you have any further questions, please contact me.

Sincerely,

RECEIVED
JUL 0 6 2005
SFA

Marvel Alvarez
Office Manager

cc: Paul Tarantino

PAID 10,639.50

Golden Gate Produce Terminal • P.O. Box 2408 • South San Francisco, CA 94083-2408 • SF (650) 761-2854 • Pen (650) 871-4323 • Fax (650) 873-5550

TEAMSTERS LOCAL UNION NO. 856 HEALTH AND WELFARE FUND
642 HARRISON STREET • SAN FRANCISCO, CA 94107 • (415) 777-3707

September 21, 2005

Account No:78842

Lee Ray Tarantino
P. O. Box 2408
So. San Francisco, CA 94083-2408

Dear Manager/Owner,

According to the auditor (see copy of letter attached), his findings were correct. Therefore; the amount $1,063.80 disputed by your company is now due.

Please remit your payment of $1,063.80 in the envelope provided.

Should you have any questions regarding the enclosed information, please contact, Marta Pacheco.

Thank you for your anticipated cooperation.

Very truly yours,

Board of Trustees
Teamsters Local Union No. 856
Health & Welfare Fund

REUBEN E. PRICE & CO.
PUBLIC ACCOUNTANCY CORPORATION
FOUNDED 1942
703 MARKET STREET
SAN FRANCISCO, CA 94103
(415) 982-3556
FAX (415) 957-1178

REUBEN E. PRICE, C.P.A. (1904-1986)
RICHARD A. PRICE, C.P.A.

MEMBERS
AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
SECURITIES AND EXCHANGE COMMISSION PRACTICE SECTION OF THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
CALIFORNIA SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS

August 25, 2005

Ms. Marta Pacheco
Teamsters Local Union No. 856
Health & Welfare Trust Fund
1640 South Loop Rd.
Alameda, CA 94502

Dear Ms. Pacheco:

At your request, I am enclosing the explanations related to underpayments to the Health and Welfare Fund for John Howes II and Benjamin Ferreira, employees of the Lee Ray Tarantino Company. These underpayments were reported in the completed payroll audit of the Lee Ray Tarantino Company for the three year period ended December 31, 2004.

Regarding John Howes II, Mr. Howes was terminated on February 11, 2002, and he received a payroll check for the period February 1 through February 11, 2002. Additionally, Mr. Howes received a second check on February 11, 2002, which represented vacation pay for 80 hours, which would generate the requirement that a contribution be made to the Trust on his behalf.

Regarding Benjamin Ferreira, Mr. Ferreira was formally terminated on August 16, 2002, as is evidenced by the attached memo which was furnished to us by the Company, and additionally, Mr. Ferreira received a semi-monthly payroll check on August 15, 2002, which translates into 86.67 hours, and this check represents the period August 1 through August 15; consequently, a requirement for a contribution to the Trust on his behalf would be generated.

Please feel free to contact this office at any time should you need any additional information or need further elaboration.

Very truly yours,
REUBEN E. PRICE & CO., ACCOUNTANCY CORP.

Shaun K. Ahern

Cc: Michael McLaughlin, Chairman
Kirsten Brooks, Administrator
Charles Scully, Legal Counsel

1. John Howes II → He is a salaried employee that we have officially terminating on Feb. 11, 2002...regardless he received 80 hrs of vacation payout on his final check which would make him eligible for a contribution in Mar. 2002.

2. Benjamin Ferreira → Terminated Aug. 16, 2002. He was a salaried employee and was paid semi-monthly. Salaried employees who are paid semi-monthly are credited with 86.67 hours per paycheck. He received a full paycheck on Aug. 15, 2002 which tells us he was paid for 86.67 hours.

# Notification of Termination of Employee

Company: [X] LRT [ ] GSP [ ] VPO

Employee: Ben Ferreira

Date of Termination: 8/16/02

Reason for Termination *(it is important that this be complete and specific)*:

Absent many occasions
Late " "
Did Not Call to Notify Anyone.
Used Company Vehicle for Personal use.

Would you recommend this employee for re-hire if circumstances warranted it?
[ ] Yes [X] No

Was an exit interview performed with this employee?
[X] Yes [ ] No

Did this employee return all company property he/she may have had?
[X] Yes [ ] No

If not, what items remain outstanding in the employee's possession?

Supervisor's Signature: [signature]

Today's Date: 8/26/02

RECEIVED JUL 0 8 2003



LEE RAY-TARANTINO

October 28, 2005

Mrs. Martha Pacheco
Teamsters Local Union No 856
Health & Welfare Trust Fund
1640 South Loop Rd
Alameda, CA 94502

Dear Mrs. Pacheco,

In response to your letter date September 21, 2005, in regards to the remittance of payment for Ben Ferreira and Mr. John Howe's II. The reason why we have failed to make payment is due to the fact that we still dispute the actual charges as I have mention previously in our letter, Ben Ferreira walked off the job with a company truck without resignation or a phone call. Management did not inform payroll about the incident for about 3 days later after the fact. Management payroll gets process one week before pay date. Our payroll person was on vacation and we decided to have the employee keep the money but he actually did not worked those 10 days as required by the contract. The same situation happened with Mr. John Howes he walked off the job on 2/4/02 copies of evidence where send to your attention on our previous letter. Payroll pays him in error.

Should you have any questions regarding the enclosed information, please contact Marvel Alvarez.