UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL UNION NO. 856
HEALTH AND WELFARE TRUST FUND,
ET AL.,

    Plaintiffs,

v.

LEE RAY TARANTINO COMPANY, INC.,

    Defendant.

Case No. C-07-5567 JCS

**REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [Docket No. 19]**

## I. INTRODUCTION

In this ERISA enforcement action, Plaintiffs bring a Motion for Default Judgment (the "Motion") seeking to collect unpaid contributions and liquidated damages thereon, as well as attorneys' fees and costs. Defendant has not appeared in this action, and the Clerk entered default on February 19, 2008, pursuant to Fed. R. Civ. P. 55(a). The Court determines that the Motion can be resolved without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the Motion hearing scheduled for **August 1, 2008, is vacated**. For the reasons stated below, it is recommended that the Court GRANT Plaintiffs' Motion. Plaintiffs should be awarded $1,063.80 in unpaid contributions, $212.76 in liquidated damages, $555.00 in attorneys' fees, and $450.00 in costs.

## II. BACKGROUND

Plaintiffs Michael McLaughlin and Board of Trustees of the Teamsters Local Union No. 856 Health and Welfare Trust Fund (the "Trust Fund") are trustees of employee benefit plans within the meaning of §§ 3(1) and (3) and § 502(d)(1) of ERISA, 29 U.S.C. § 1002(1) and (3), and § 1132(d)(1). Complaint, ¶ 2. Plaintiffs allege that Defendant Lee Ray Tarantino Company, Inc. ("Tarantino") is bound by a written collective bargaining agreement with Freight Checkers Clerical

1  Employees & Helpers Local Union 856, International Brotherhood of Teamsters (the "CBA").
2  Complaint, ¶ 5; *see also* Declaration of Joseph Lanthier in Support of Motion for Default Judgment
3  ("Lanthier Decl.") ¶ 2 & Ex. 1 (CBA excerpts). The CBA incorporates the trust agreement for the
4  Teamsters Local Union No. 856 Health and Welfare Trust Fund (the "Trust Agreement"). Lanthier
5  Decl., Ex. 1 (CBA excerpts), Section 18. Both the CBA and the Trust Agreement require that
6  employers pay monthly contributions on behalf of employees into Plaintiff trust fund. Lanthier
7  Declaration, Ex. 1 (CBA), Section 18 & Ex. 2 (Trust Agreement), Article IV.

8  Under the terms of the Trust Agreement, employer contributions are due on the 10th day of
9  the month following the month during which the obligation was incurred, and contributions become
10 delinquent if they are not paid by the 20th day of that month. Lanthier Decl., Ex. 2 (Trust
11 Agreement), Article IX. Liquidated damages are assessed on delinquent contributions at a rate of
12 20% for delinquent contributions that are referred to collection counsel. *Id*. The Trust Agreement
13 also provides for an award of attorneys' fees and costs incurred in collection of delinquent
14 contributions. *Id*.

15 On November 1, 2007, Plaintiffs filed a complaint under 29 USC § 1132(d)(1) alleging that
16 Defendant breached the CBA by failing to make required contributions on a timely basis between
17 January and December 2002. Complaint, ¶8. Plaintiffs sought to recover the unpaid contributions,
18 liquidated damages and attorneys' fees and costs. Complaint at 4-5. The complaint was served on
19 November 7, 2007. Docket No. 5. Defendant did not otherwise appear and default was entered on
20 February 19, 2008.

21 Plaintiffs now bring a Motion for Default Judgment seeking entry of default judgment and an
22 award of the unpaid contributions, liquidated damages on the late contributions, and attorneys' fees
23 and costs.

24 **III.   ANALYSIS**
25     **A.    Standard Governing Default Judgment**
26         **1.    Discretion in Awarding a Default Judgment**

27 Plaintiffs have applied for a default judgment in this action on the basis that Defendant has
28 failed to appear after valid service. Under Federal Rule of Civil Procedure 55(b)(2), the court may

2

enter a default judgment where the clerk, under Rule 55(a), has already entered the party's default based upon a failure to plead or otherwise defend the action. The district court's decision to enter a default judgment involves some discretion. *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956) (affirming district court's denial of default judgment). The court is free to consider a wide range of factors in deciding whether to enter a default judgment, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also* Wright & Miller, *Federal Practice and Procedure*, Civil § 2685. In deciding whether to enter a default judgment, the Court may also consider whether there would be grounds for setting aside the judgment if the defaulting party were to seek such relief. *Id.*

### 2. Liability as to "Well-Pleaded" Allegations

Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). So long as the allegations in the complaint are "well-pleaded," liability is established as to those allegations by the default. *Trans World Airlines Inc. v. Hughes*, 308 F. Supp. (D.C.N.Y. 1969), *modified on other grounds*, 449 F.2d 51*, rev'd on other grounds*, 409 U.S. 363 (1973).

## B. Liability

Plaintiffs' claims are well-pleaded. Further, there is no evidence in the record that suggests that default judgment should not be entered under *Eitel*. Therefore, liability is established.

## C. Amount of Damages

### 1. Section 1132(g)

Once liability is established in a default situation, a plaintiff must then establish the extent of damages. *Geddes*, 559 F.2d at 560. Under ERISA, § 1132(g) provides for statutory damages where a multi-employer plan successfully sues under 29 U.S.C. § 1145 (providing that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under

3

the terms of a collective bargaining agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement"); 29 U.S.C. § 1132(d)(1) (giving multi-employer plan standing to sue for unpaid contributions in federal district court). A plan that obtains judgment in its favor in an action for unpaid contributions under § 1145 is entitled to:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (1) interest on the unpaid contributions, or
>> (2) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

### 2. Damages Sought By Plaintiffs

#### a. Unpaid Contributions

Plaintiff seeks $1,063.80 in unpaid contributions for the period between January and December 2002. This amount is supported by a declaration by Diane Andrade, the manager of the trust fund delinquency collection department, as well as an audit report prepared by Plaintiffs' auditor, Reuben E. Price & Co., for the relevant period. *See* Declaration of Diane Andrade in Support of Motion for Defualt Judgment ("Andrade Decl.") & Exs. 3 (summary of unpaid contributions and payments), 4 (audit report). The audit report reflects unpaid contributions for 2002 in the amount fo $11,703.30, while Ms. Andrade's summary reflects that $10,639.50 of this amount was paid in June 2005, leaving an unpaid balance of $1,063.80. Based on this evidence, the Court concludes that Plaintiffs are entitled to $1,063.80 in unpaid contributions.

#### b. Liquidated Damages

Plaintiffs seek $212.76 in liquidated damages on unpaid contributions discussed above. This amount is 20% of the amount of the unpaid contributions, consistent with the terms of the Trust Agreement and, therefore, should be awarded in full.

### c. Attorneys' Fees and Costs

Having prevailed in this action for unpaid and late contributions, Plaintiffs are also entitled to reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

#### i. Attorneys' Fees

In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the Court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

Here, Plaintiffs seek $555.00 in attorneys' fees, for 3 hours of work at a rate of $185.00/hour. Declaration of Michael J. Carroll in Support of Motion for Default Judgment ("Carroll Decl."), ¶ 5. The Court finds both the rate and the time spent to be reasonable and recommends that Plaintiffs' attorneys' fees be awarded in full.

#### ii. Costs

Plaintiffs seek $450.00 for the following costs incurred in prosecuting this action: (1) $350.00 for the Clerk's filing fee; and (2) $100.00 for service of the complaint. Under Civil Local Rule 54-3, an award of costs may include the clerk's filing fee and fees for service of process "to extent reasonably required and actually incurred." The Court finds that the costs sought by Plaintiffs were reasonably required and actually incurred and therefore recommends that these costs be awarded in full.

### IV. CONCLUSION

For the reasons stated above, it is recommended that default judgment be GRANTED. Plaintiffs should be awarded $1,063.80 in unpaid contributions, $212.76 in liquidated damages, $555.00 in attorneys' fees, and $450.00 in costs.

Dated: July 28, 2008

JOSEPH C. SPERO
United States Magistrate Judge

5